IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JAMES NICHOLAS FOX**,          *

   Plaintiff,
                                            *

      v.                                CIVIL ACTION NO. RWT-11-3686
                                            *

**STEPHEN A. GLESSNER**,

   Defendant.          *
                                           ******

**MEMORANDUM OPINION**

Seeking damages, self-represented Plaintiff James Nicholas Fox filed suit pursuant to 42 U.S.C. § 1983 against a Maryland attorney, Stephen Glessner, alleging that Glessner failed to fully communicate all of the conditions of a plea offer to him. As a result Fox, who pleaded guilty on August 18, 2010 to second-degree burglary, was sentenced to 15 years incarceration after he failed to abide by the conditions imposed by the plea by completing a drug treatment program. ECF No. 1; *see also State of Maryland v. Fox*, Criminal No. 10K08043812, Circuit Court for Frederick County, *available at* http://casesearch.courts.state.md.us/inquiry/ inquiryDetail.jis?caseId=10K08043812&loc=67&detailLoc=K.

Although Fox failed to provide the necessary forms, the undersigned shall grant him leave to proceed in forma pauperis. Given the granting of indigency status, this court may review the claim presented in the complaint prior to service of process and dismiss the case if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, the

plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that defendant Glessner, an attorney, was acting under color of law, the claim against him shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (no state action in the conduct of attorneys, including public defenders and attorneys appointed by the State of Maryland).

The Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party immune from such relief and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(iii). This dismissal will constitute Fox's "first strike" under the PLRA.

A separate order shall be entered in accordance with this memorandum.

January 5, 2012                                          /s/
Date                                                      ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE